FILED
2024 Nov-18  AM 11:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KAYLA KINNEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:24-cv-1440-ACA |
| | ) |
| **TASMAN CREDIT CORP.,** | ) |
| | ) |
| **Defendant.** | ) |

## **ORDER**

Plaintiff Kayla Kinney filed this lawsuit against Defendant Tasman Credit Corp., in the Circuit Court of Jefferson County, asserting that Tasman, in an attempt to collect a debt, called her three times after she instructed it to contact her only by mail or by email. (Doc. 1-1 at 8–9 ¶¶ 13–17). Ms. Kinney asserts that this violated four sections of the Fair Debt Collection Practices Act ("FDCPA"): 15 U.S.C. § 1692c (prohibiting inconvenient communications with consumers in connection with the collection of a debt), § 1692d (prohibiting harassing, oppressive, or abusive conduct in connection with the collection of a debt), § 1692e (prohibiting false, deceptive, or misleading representations or means in connection with the collection of a debt), and § 1692f (prohibiting unfair or unconscionable means in connection with the collection of a debt). (*Id.* at 10 ¶ 20).

After Tasman removed the case (doc. 1), the court questioned the existence of Article III standing and ordered Tasman to show cause why the court should not remand the case (doc. 4). Tasman responds that (1) Ms. Kinney has alleged a concrete injury analogous to the historical tort of intrusion on seclusion, and (2) Ms. Kinney's claims fail on the merits, so she lacks standing. (Doc. 5). The court finds that Ms. Kinney has standing to bring her claims in federal court. The court therefore **ORDERS** Ms. Kinney to replead her complaint in conformity with Federal Rules of Civil Procedure 8(a)(2) and 10(b), as well as the Eleventh Circuit's instructions about properly pleading a complaint.

Article III of the Constitution limits federal courts to deciding "Cases" or "Controversies." U.S. Const. art. III, § 2. Absent a case or controversy, the court lacks subject matter jurisdiction over a case. *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1242 (11th Cir. 2022) (en banc). As the removing party, it is Tasman's burden to establish the court's jurisdiction over the case. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).

One element of a case or controversy is standing. *Hunstein*, 48 F.4th at 1242. To show standing, the plaintiff must allege facts that plausibly establish that 1) she "experienced an injury that is concrete and particularized and actual or imminent, 2) the defendant's conduct is the cause of the plaintiff's injury, and 3) a decision by the court would likely redress the plaintiff's injury." *Green-Cooper v. Brinker Int'l,*

*Inc.*, 73 F.4th 883, 889 (11th Cir. 2023), *cert. denied sub nom. Brinker Int'l, Inc. v. Steinmetz*, 144 S. Ct. 1457 (2024). The only question in this case is whether Ms. Kinney has alleged a concrete injury.

"An injury is concrete if it actually exists—that is, if it is real, and not abstract." *Hunstein*, 48 F.4th at 1242 (quotation marks omitted). Intangible harms are concrete if they have "a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* at 1243 (quotation marks omitted). Tasman contends that the harm suffered as a result of Ms. Kinney's receipt of three unwanted telephone calls is closely related to the harm suffered by a plaintiff asserting a claim of intrusion on seclusion.[1] (Doc. 5 at 6). The court agrees.

"Intrusion upon seclusion consists of an (i) intentional intrusion (ii) into another's solitude or seclusion, (iii) which would be highly offensive to a reasonable person." *Drazen v. Pinto*, 74 F.4th 1336, 1345 (11th Cir. 2023) (en banc). The Eleventh Circuit has held that the harm associated with unwanted communications

---

[1] Tasman's second argument is that Ms. Kinney lacks standing because it has evidence that the debt at issue is not a consumer debt, so the FDCPA does not apply and Ms. Kinney cannot prevail on her claims. (Doc. 5 at 7–9; *see also id.* at 3–4). But "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005) (quotation marks omitted). "[I]n reviewing the standing question, the court must be careful not to decide the questions on the merits for or against the plaintiff, and must therefore assume that on the merits the plaintiff[ ] would be successful in [her] claims." *Culverhouse v. Paulson & Co. Inc.*, 813 F.3d 991, 994 (11th Cir. 2016) (quotation marks omitted). The court declines to find that Ms. Kinney lacks standing based on Tasman's unsubstantiated assertions about the merits of her claims.

"generally shares a close relationship with the harm underlying the tort of intrusion upon seclusion." *See id.* (holding that a plaintiff had standing to assert claims under the Telephone Consumer Protection Act of 1991 based on a single, unwanted text message).

In each of Ms. Kinney's claims, she alleges that Tasman harmed her by calling her despite her instruction not to do so, resulting in her receipt of inconvenient communications and false, deceptive, or misleading representations (§§ 1692c and 1692e), and her exposure to harassing, oppressive, abusive, or otherwise unfair or unconscionable means of collecting a debt (§§ 1692d and 1692f). (Doc. 1-1 at 9 ¶ 17, 10 ¶ 20). As such, Ms. Kinney has standing to bring these claims in federal court. *See Drazen*, 74 F.4th at 1345.

Having found that Ms. Kinney has standing, the court reviewed the complaint and determined that it is a shotgun pleading that requires repleading. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." And Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as

4

'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings fall into "four rough types or categories." *Id.* at 1321. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is one that does "not separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. And the fourth type of complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

The Eleventh Circuit has repeatedly and vehemently condemned shotgun pleadings. *See Estate of Bass v. Regions Bank*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) ("As of 2008, [the Eleventh Circuit] had explicitly condemned shotgun pleadings upward of fifty times.") (quotation marks omitted); *see also Weiland*, 792 F.3d at 1321 (stating that as of 2015, the Eleventh Circuit had published more than sixty opinions about shotgun pleadings). The Court strongly encourages "a district court that receives a shotgun pleading [to] strike it and instruct counsel to replead

the case—even if the other party does not move the court to strike the pleading." *Estate of Bass*, 947 F.3d at 1358.

The complaint here is a shotgun pleading of the third type. "Count One" asserts violations of four sections of the FDCPA, sometimes specifying subsections and subparagraphs and sometimes not. (*See* doc. 1-1 at 10 ¶ 20). It is exceedingly difficult for the court to understand precisely what claims Ms. Kinney brings against Tasman. Accordingly, the court **ORDERS** Ms. Kinney to replead in conformity with Rules 8(a)(2) and 10(b) and the Eleventh Circuit's instructions about pleading a complaint. *See, e.g.*, *Weiland*, 792 F.3d at 1320. Ms. Kinney must file the amended complaint **on or before December 2, 2024**. Tasman must file its responsive pleading **on or before December 16, 2024**.

The court reminds Ms. Kinney that "[a] party may amend its pleading *once* as a matter of course." Fed. R. Civ. P. 15(a)(1) (emphasis added). **The repleaded complaint will be Ms. Kinney's only opportunity to amend as a matter of course.** After the first amendment, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

**DONE** and **ORDERED** this November 18, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE