FILED

2024 Dec-02  PM 06:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KAYLA KINNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **TASMAN CREDIT CORP.,** | ) | **2:24-CV-1440-ACA** |
| | ) | |
| **Defendant.** | ) | |

## <u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

**COMES NOW** the Plaintiff, K a y l a   K i n n e y , by and through counsel, in the above styled cause, and pursuant to FRCP 15(a)(1)(B) amends her Complaint against the Defendant[1] Tasman Credit Corp., ("Tasman" or "Defendant") and states as follows:

1.   This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[2], 15 U.S.C. § 1692 et seq. ("FDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## <u>PARTIES</u>

---

[1] "Defendant" means all defendants, including fictitiously named defendants.

[2] Any reference to the FDCPA or any part thereof encompasses all relevant parts and subparts of each statute.

2.      Plaintiff **KAYLA KINNEY** (**hereinafter "Plaintiff"**) is a natural person who is a resident of Alabama.

3.      Defendant **TASMAN CREDIT CORP DBA CREDIT CORP SOLUTIONS INC. (hereinafter "Defendant")**, is a debt collection firm that engages in the business of debt collection. Its principal business purpose is the collection of defaulted debts, and it uses various instruments of interstate commerce to accomplish debt collection including sending letters, calling on the phone, credit reporting, filing of lawsuits, etc.

## JURISDICTION

4.      Personal jurisdiction exists over **Defendant** as **Defendant** has the necessary minimum contacts with the State of Alabama and this suit arises out of **Defendant's** specific conduct with **Plaintiff** in Alabama. All the actions described in this suit occurred in Alabama.

## VENUE

5.      Venue is proper as **Defendant** does business in this judicial district.

## FACTUAL ALLEGATIONS

6.      Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)      There is **abundant evidence** of the use of abusive, deceptive, and

unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the **purpose** of this title to **eliminate abusive debt col-lection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## The alleged debt that Defendant Tasman Credit Corp. attempted to collect qualifies as a debt under the FDCPA.

7.    Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes (allegedly the debt is for a PayPal account) and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.    This personal credit card was used to make purchases primarily for personal, family, or household purposes.

## Defendant Tasman is a debt collector under the FDCPA.

9.    Defendant is considered a "debt collector" and began engaging in debt

collection activities against Plaintiff.

10.    The primary and principal business of Defendant is to collect alleged defaulted debts.

11.    At the time that Defendant received the alleged debt of Plaintiff, the alleged debt was in default.

12.    Defendant Tasman's March 9, 2024, written communication to the Plaintiff at issue in this lawsuit was an attempt to collect a debt and stated that Plaintiff owed Tasmin a past due debt in the amount of $43.89 identifying the original creditor as PayPal.

13.    The March 9, 2024, communication further identified Tasman as a debt collector, stating "This firm is a debt collector. Any information obtained will be used for the purpose of collection a debt."

14.    **Defendant** claimed **Plaintiff** owed **Defendant** money.

15.    **Defendant** began collection activities against **Plaintiff.**

### The March 10, 2024, Email from Plaintiff to Defendant Tasman notifying Defendant Not to Call Plaintiff

16.    **Plaintiff** sent an email to **Defendant** on **March 10, 2024**.

17.    As is **Plaintiff's** right under the FDCPA and Regulation F, **Plaintiff** instructed **Defendant** stated that only communication by mail or email was convenient and all other forms of communication were not convenient (including for example any calls) and the email to **Defendant** contained **Plaintiff's** email address.

18.     The email stated,

> In response to the email provided, | am sending written proof that | no longer wish to receive calls about this matter. Only email and mailing, just for a paper trail. I am also request validation, and itemized details about where these transactions took place. The attached items are only a very vague detail of debt. | never used a check, only a debit card on any PayPal transaction which would have been declined and no fee associated with. I will take care of this matter, IF proof can be provided of where these so called transactions occurred. | am not accepting responsibility for these items, until | have something showing my signature and itemized details of these transactions.
>
> I appreciate your time,
> Kayla Kinney

19.     Defendant Tasman received this email on March 10, 2024.

20.     Plaintiff gave Defendant Tasman permission to contact her through email or mail if Defendant Tasman wished to reach out to Plaintiff.

21.     To be clear, this March 10, 2024, email was not a "refuse to pay" letter under Section 1692c(c) which is sometimes known as a "cease communication" letter. Refuse to pay letter shuts down all communications with three exceptions.

Section 1692c(c) states:

> "If    a consumer notifies    a debt collector    in    writing    that the consumer refuses    to    pay    a debt or    that    the consumer wishes the debt collector  to  cease  further communication with  the consumer, the debt collector        shall        not        communicate        further        with the consumer with    respect    to    such debt, except—(1)    to    advise the consumer that    the debt collector's    further    efforts    are    being terminated;    (2)    to    notify    the consumer that    the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; …

22.    Despite this clear instruction, and in an attempt to intimidate, harass, and oppress **Plaintiff**, the **Defendant** called **Plaintiff** in a communication (or attempt to communicate) about the debt multiple times and was an attempt to collect the debt, on or about **April 28, 2024; June 5, 2024; and June 14, 2024**.

23.    All of the above-described actions by **Defendant** and collection agents of **Defendant** were made in violation of the FDCPA as alleged below.

24.    The conduct of the **Defendant** has proximately caused **Plaintiff** damages.

25.    At no time did Plaintiff initiate any contact with Defendant Tasman between the time Plaintiff sent her March 10, 2024, email and the time she received Defendant Tasman's phone calls.

26.    Defendant Tasman, by calling Plaintiff disregarded and ignored Plaintiff's request for Defendant to not call her but only communicate by mail or email.

27.    Defendant Tasman, by calling Plaintiff disregarded and ignored Plaintiff's notice to Defendant Tasman that receiving phone calls was inconvenient.

**<u>Relevant Definitions under 1692(a)</u>**
**<u>of the Fair Debt Collection Practices Act (FDCPA)</u>**

28.    1692a(1) references the "Bureau" as "[T]he Bureau of Consumer Financial Protection" a/k/a CFPB or Consumer Financial Protection Bureau.

29.    The Bureau or CFPB promulgated Regulation F discussed below.

30.    1692a(2) defines "communication" as "[T]he conveying of information regarding a debt directly or indirectly to any person through any medium."

31.    The Defendant Tasman letter of April 24, 2024, was a communication under the FDCPA as Defendant Tasman conveyed information about the alleged debt to Plaintiff through the medium of a letter mailed to Plaintiff's home address.

32.    1692a(3) defines "consumer" as "[A]ny natural person obligated or allegedly obligated to pay any debt."

33.    Plaintiff is a natural person who Defendant Tasman claims owed a debt to PayPal and owed a debt to Defendant Tasman.

34.    1692a(5) gives a definition of "debt" as "[A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

35.    The alleged debt – a bill allegedly owed initially to PayPal – meets the definition of a debt as it was primarily for personal, family or household purposes.

36.    1692a(6) defines a "debt collector" in two ways: "[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

37.    If Defendant Tasman does not own the debt, then it is collecting it for another.

38.    But assuming Defendant Tasman owns the debt (or at least claims to own the debt), it uses mails and many other forms of interstate commerce to collect debts and the primary, if not the exclusive purpose, of Defendant Tasman is to collect debts.

**Defendant Tasman's Violation of FDCPA Section 1692c and Regulation F**

39.    Section 1692c forbids communication with a consumer in certain circumstances.

40.    Section 1692c(1) states:  "(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the <u>consumer</u>. In the absence of knowledge of circumstances to the contrary, a <u>debt</u> collector shall assume that the convenient time for communicating with a <u>consumer</u> is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the <u>consumer</u>'s location. . ."

41.    The touchstone of this part of the FDCPA is ensure that a debt collector only communicates with the consumer in a convenient manner, not an inconvenient manner.

42.    The timing can be inconvenient, or the place can be inconvenient.

43.    Here, the Plaintiff specifically told Defendant Tasman phone calls were inconvenient but offered two different ways Defendant Tasman could reach the Plaintiff if it chose to communicate with the Plaintiff, by mail or email.

44.    Defendant Tasman chose to communicate with Plaintiff in an inconvenient manner by calling her and thus violated Section 1692c.

45.    A large company like Defendant Tasman says, through its actions, "You the consumer have no power.  We decide what we will do and when we will do it and how we will do it to you.  You have no choice.  We hold all the power."

### Defendant Tasman's Violation of FDCPA Section 1692d and Regulation F

46.    Section 1692d forbids a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

47.    Regulation F makes clear that the FDCPA allows a consumer to control the medium of communication from a debt collector.

48.    When a debt collector specifically targets a consumer communication through a medium which the consumer has specifically made clear is not convenient, the debt collector's communication actions are deemed harassment, oppressive, and abusive, and in violation of 1692d in conjunction with Regulation F.

49.    Regulation F is codified at 12 CFR 1006 *et seq* and in Subpart A of the same, its contours are broadly defined in 12 CFR 1006.1 "Authority, purpose and coverage" which state in pertinent part:

" Subpart A—General
§ 1006.1 Authority, purpose, and coverage.

(a) *Authority.* This part, known as Regulation F, is issued by the Bureau of Consumer Financial Protection pursuant to sections 814(d) and 817 of the Fair Debt Collection Practices Act (FDCPA or Act), <u>15 U.S.C. 1692*l*(d)</u>, <u>1692o</u>; title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), <u>12 U.S.C. 5481</u> *et seq.;* and paragraph (b)(1) of section 104 of the Electronic Signatures in Global and National Commerce Act (E–SIGN Act), <u>15 U.S.C. 7004</u>.

(b) *Purpose.* This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection, in light of the facts and circumstances. Finally, this part imposes record retention requirements to enable the Bureau to administer and carry out the purposes of the FDCPA, the Dodd-Frank Act, and this part, as well as to prevent evasions thereof. The record retention requirements also will facilitate supervision of debt collectors and the assessment and detection of risks to consumers. (Emphasis added)

(c) *Coverage.*

(1) Except as provided in <u>§ 1006.108</u> and <u>appendix A of this part</u> regarding applications for State exemptions from the FDCPA, this part applies to debt collectors, as defined in <u>§ 1006.2(i)</u>, other than a person excluded from coverage by section 1029(a) of the Consumer

Financial Protection Act of 2010, title X of the Dodd-Frank Act (12 U.S.C. 5519(a)). (emphasis added)

(2) Section 1006.34(c)(2)(iii) and (c)(3)(iv) applies to debt collectors only when they are collecting debt related to a consumer financial product or service as defined in § 1006.2(f). [85 FR 76887, Nov. 30, 2020, as amended at 86 FR 5853, Jan. 19, 2021]

(Emphasis added).

50.    "*Communicate* or *communication* means the conveying of information regarding a debt directly or indirectly to any person through any medium." 12 C.F.R. § 1006.2.

51.    The official commentary at 12 C.F.R. § 1006 app Supplement I to Part 1006 states "1. *Any medium.* Section 1006.2(d) provides, in relevant part, that a communication can occur through any medium. *"Any medium" includes any oral, written, electronic, or other medium. For example, a communication may occur in person or by telephone, audio recording, paper document, mail, email, text message, social media, or other electronic media.*"  (Emphasis added).

52.    (a) In general. A debt collector must not engage in any conduct the natural consequence of which is to *harass, oppress, or abuse* any person in connection with the collection of a debt, including, but not limited to, the conduct described in paragraphs (b) through (h) of this section. 12 C.F.R. § 1006.14 (Emphasis added).

53.    "(h)Prohibited communication media -(1) In general. In connection with the collection of any debt, *a debt collector must not communicate or attempt to*

*communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium* to communicate with the person." 12 C.F.R. § 1006.14 (Emphasis added).

54.    This is listed in Regulation F under Section 1692d.  12 C.F.R. § 1006.14.

55.    A debt collector's communication that refuses to honor a consumer's request as to what medium of communication the debt collection should use, is harassing, abusive, and oppressive under Section 1692d and violative of same.

56.    As is Plaintiff's right under the FDCPA and Regulation F, the email stated that only communication by mail or email was convenient, and thus all other forms of communication were not convenient (such as a phone call from Defendant).

57.    Defendant Tasman knew Plaintiff had requested that Defendant Tasman not communicate with Plaintiff through mail.

58.    But Defendant Tasman called Plaintiff, anyway, violating the FDCPA and Regulation F.

59.    An exception under 12 C.F.R. § 1006.14(h) states: "**(ii)** If a person initiates contact with a debt collector using a medium of communication that the person **previously requested** the debt collector not use, the debt collector may respond once through the same medium of communication used by the person;" (Emphasis added).

60.    This exception *does not* mean that a debt collector is allowed a one-time

response through the same medium which a consumer requests it not use.

61.    The exception only applies when a consumer tells a debt collector not to communicate by a specific medium, but then later the consumer uses that exact same medium to initiate a new, subsequent communication with the collector.  In such a specific set of circumstances, this exception under Regulation F authorizes the debt collector to respond one time to the consumer through that same medium.

62.    The Plaintiff in this case had not **previously requested** that Defendant Tasman not communicate by phone.  And the Plaintiff here did not send a subsequent communication by email or by phone to Defendant Tasman which would trigger the authorization under this exception.

63.    Rather, Plaintiff's March 10, 2024, email was Plaintiff's first and only communication directing Defendant Tasman to not communicate with her by phone. Defendant Tasman's subsequent phone calls would only arguably fall within the exception if the Plaintiff had called through the same medium, to which the Defendant would be authorized to send a one-time response also by phone.

64.    There are two other exceptions under exception under 12 C.F.R. § 1006.14(h) which have no application here.  One exception, under 1006.14(h)(2), relates to a consumer's ability to opt out of electronic communications, but in this case, the Plaintiff did not opt out of electronic communications and instead requested Tasman to use electronic communications if Tasman wished to communicate.  The other

exception allows for those communications required by mail, but there was no law requiring Defendant Tasman to send a letter to Plaintiff.

## Defendant Tasman's Violation of FDCPA Section 1692e

65.    Section 1692e is concerned with any type of deception (not simply common law fraud but any deception) described this way:  "A <u>debt</u> collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any <u>debt</u>. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

66.    Section 1692e provides a non-exhaustive list of examples of prohibited deceptive communications, including Section 1692e(10) which clearly states a debt collector violates the FDCPA if it uses "any false representation or deceptive means to collect or attempt to collect any <u>debt</u> or to obtain information concerning a <u>consumer</u>."

67.    Defendant Tasman made false and deceptive representations in its phone calls to the Plaintiff in violation of Sections 1692e and 1692e(10) as follows;

> (a)    By misrepresenting and mischaracterizing, that it had authorization to contact Plaintiff by phone;
>
> (b)    By misrepresenting and mischaracterizing that it was legally allowed to contact Plaintiff by phone after Plaintiff instructed it not to;

68.    The false, deceptive, and misleading representations in Defendant Tasman's phone calls were done, inter alia, for the purposes of:

(a)    First and foremost, to persist in its attempts to collect a debt.

(b)    To direct, steer, prompt, and to induce payment.

(c)    To collect information from and about the Plaintiff.

(d)    To deceive, mislead, manipulate, and confuse the Plaintiff into believing that she had, in fact, requested information and documentation.

(e)    To deceive, mislead, manipulate, and confuse the Plaintiff into believing that she had not, in fact, properly exercised any rights, control, respite, or leverage in the collection process.

(f)    To deceive, mislead, manipulate, and confuse the Plaintiff into believing that she had not, in fact, possessed any rights, control, respite, or leverage in the collection process.

(g)    To deceive, mislead, and manipulate the Plaintiff into believing that, although she notified it phone calls to her were not convenient, Defendant Tasman was authorized to call her by phone and that it had a legitimate basis for doing so.

(h)    To cause Plaintiff to relent, surrender, to give up, and to just pay to make it go away.

69.    In short, the overall purpose behind the misrepresentations in Defendant Tasman's phone calls was a pretense to ignore her 1692c(a)(1) convenience rights, to continue to contact her at her home, and to pressure Plaintiff to pay the debt.

## **Defendant Tasman's Violation of FDCPA Section 1692f**

70.    Section 1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any <u>debt</u>.

71.    To mislead and ignore Plaintiff's rights in a headlong rush to collect, is unfair and unconscionable and Defendant Tasman is guilty of violating Section 1692f.

72.    Moreover, the collective violations taken holistically comprise of an intentional design, means, tactic, and campaign, by Tasman as an unfair and unconscionable means to collect a debt against the Plaintiff.

## **Damages Tied to Tasman's Wrongful Conduct**

73.    All of the above-described actions by Defendant and collection agents of Defendant were made in violation of the FDCPA.

74.    Plaintiff suffered statutory damages caused directly and proximately, and in connection with, Tasman's conduct violating 15 U.S.C. §§ 1692c, 1692d, 1692e, and 1692f of the FDCPA.

75.    Plaintiff suffered actual damages of mental anguish and emotional stress caused directly and proximately, and in connection with Tasman's conduct, including;

(a)    Stress, anxiety, fear, confusion, frustration, embarrassment, and

shame.

(b)    The emotional distress that Plaintiff was being harassed, oppressed, and abused, ignored, pressured, intruded upon, lied to and manipulated to contact Tasman, to provide information to Tasman, and to make payment to Tasman;

(c)    The emotional distress that Plaintiff was being harassed, oppressed, and abused, ignored, pressured, intruded upon, lied to and manipulated to deny Plaintiff her ability and her right to control the collection process and to deny Plaintiff her voice in the collection process.

## **CAUSES OF ACTION (FDCPA and Regulation F)**

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. § 1692d.**

76.    Section 1692d prohibits conduct which naturally harasses, oppresses or abuses consumers.

77.    Regulation F requires that Section 1692d requires collectors to honor the instructions of consumers regarding how the collector communicates.

78.    Regulation F allows collectors to use many forms of media (email, text,

social media direct messages, etc.) and it also allows the consumer to dictate unacceptable forms of communication.

79.    Here, the Plaintiff clearly instructed Defendant Tasman not to call her by phone.

80.    Defendant Tasman understood this instruction but chose to refuse to honor it and chose to communicate contrary to her instructions, by calling Plaintiff on her phone.

81.    Defendant Tasman's conduct was done to directly and indirectly harass her by, inter alia, applying aggressive pressure and persistence, to oppress her by, inter alia, denying her the ability to exercise her rights under the FDCPA and by subjecting her to harsh, burdensome conduct, and to abuse her by, inter alia, manipulating, exploiting, and unfairly controlling the collection process against her and for its own benefit.

82.    Plaintiff suffered statutory damages caused directly and proximately, and in connection with, Tasman's conduct violating 15 U.S.C. § 1692d of the FDCPA.

83.    Plaintiff suffered actual damages of mental anguish and emotional stress caused directly and proximately, and in connection with, Tasman's conduct, including;

      (a)    Stress, anxiety, fear, confusion, frustration, embarrassment, and shame.

      (b)    The emotional distress that Plaintiff was being harassed,

oppressed, and abused, ignored, burdened, pressured, intruded upon, lied to and manipulated to contact Tasman, to provide information to Tasman, and to make payment to Tasman;

(c)    The emotional distress that Plaintiff was being harassed, oppressed, and abused, ignored, pressured, intruded upon, lied to and manipulated to deny Plaintiff her ability and her right to control the collection process and to deny Plaintiff her voice in the collection process.

84.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to and demands statutory damages, actual damages, reasonable attorney's fees, and costs from Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e.

85.    Section 1692e prohibits collectors from any type of deception in connection with collecting or attempting to collect a debt.

86.    Section 1692e(10) specifically enumerates the prohibition of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

87.    Defendant Tasman made false and deceptive representations in its phone calls to the Plaintiff as follows;

(a)    By misrepresenting and mischaracterizing, that it had authorization to contact Plaintiff by phone;

88.    By misrepresenting and mischaracterizing that it was legally allowed to contact Plaintiff by phone after Plaintiff instructed it not to;

(a)    The false, deceptive, and misleading representations in Defendant Tasman's phone calls were done, inter alia, for the purposes of: First and foremost, to persist in its attempts to collect a debt.

(b)    To direct, steer, prompt, and to induce payment.

(c)    To collect information from and about the Plaintiff.

(d)    To deceive, mislead, manipulate, and confuse the Plaintiff into believing that she had, in fact, requested information and documentation.

(e)    To deceive, mislead, manipulate, and confuse the Plaintiff into believing that she had not, in fact, properly exercised any rights, control, respite, or leverage in the collection process.

(f)    To deceive, mislead, manipulate, and confuse the Plaintiff into believing that she had not, in fact, possessed any rights, control, respite, or leverage in the collection process.

(g)    To deceive, mislead, and manipulate the Plaintiff into believing that, although she notified it phone calls to her were not convenient, Defendant Tasman was authorized to call her by phone and that it had a legitimate basis for doing so.

      (h)     To cause Plaintiff to relent, surrender, to give up, and to just pay to make it go away.

89.    Defendant Tasman sent this letter and made these misrepresentations both in an attempt to collect a debt and in an attempt to obtain information concerning the Plaintiff.

90.    Plaintiff suffered statutory damages caused directly and proximately, and in connection with, Tasman's conduct violating 15 U.S.C. § 1692e of the FDCPA.

91.    Plaintiff suffered actual damages of mental anguish and emotional stress caused directly and proximately, and in connection with, Tasman's conduct, including;

      (a)     Stress, anxiety, fear, confusion, frustration, embarrassment, and shame.

      (b)     The emotional distress that Plaintiff was being harassed, oppressed, and abused, ignored, burdened, pressured, intruded upon, lied to and manipulated to contact Tasman, to provide information to Tasman, and to make payment to Tasman;

      (c)     The emotional distress that Plaintiff was being harassed, oppressed, and abused, ignored, pressured, intruded upon, lied to and manipulated to deny Plaintiff her ability and her right to control the collection process and to deny Plaintiff her voice in the collection process.

92.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to and demands statutory damages, actual damages, reasonable attorney's fees, and

costs from Defendant.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f.

93.    Section 1692f prohibits collectors from engaging in unfair and unconscionable means to collect a debt.

94.    The conduct described in this Amended Complaint, taken together rises to the level of unfair and unconscionable means.

95.    There is no legitimate reason for Defendant Tasman to intentionally communicate with Plaintiff at an inconvenient place, or to use a method of communication (phone calls) when it knew this was inconvenient to Plaintiff and that Plaintiff had said not to call her by phone.

96.    Each conduct of the Defendant as complained of in this Amended Complaint does constitute individual violations of the FDCPA, yet, taken holistically and when committed holistically, as intended by Defendant, are together designed by Defendant to form an overall means, tactic, and campaign, used to unfairly and unconscionably pressure and manipulate Plaintiff into contacting the Defendant, into providing information to the Defendant, and to make payment to the Defendant.

97.    This holistic design, means, tactic, and campaign, and the intentionally unfair

and unconscionable nature of it all, together constitute a violation of Section 1692f.

98.    Plaintiff suffered statutory damages caused directly and proximately, and in connection with, Tasman's conduct violating 15 U.S.C. § 1692f of the FDCPA.

99.    Plaintiff suffered actual damages of mental anguish and emotional stress caused directly and proximately, and in connection with, Tasman's conduct, including;

    (a)    Stress, anxiety, fear, confusion, frustration, embarrassment, and shame.

    (b)    The emotional distress that Plaintiff was being harassed, oppressed, and abused, ignored, burdened, pressured, intruded upon, lied to and manipulated to contact Tasman, to provide information to Tasman, and to make payment to Tasman;

    (c)    The emotional distress that Plaintiff was being harassed, oppressed, and abused, ignored, pressured, intruded upon, lied to and manipulated to deny Plaintiff her ability and her right to control the collection process and to deny Plaintiff her voice in the collection process.

100.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to and demands statutory damages, actual damages, reasonable attorney's fees, and costs from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment

be entered against Defendant Tasman for all damages allowable, including statutory damages, actual damages, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,


**/s/ M. Stan Herring**
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing has been served on counsel for Defendant via CM/ECF this the 2nd  day of December 2024.

Neal D. Moore, III
CHRISTIAN & SMALL, LLP
505 20th Street N, Suite 1800
Birmingham, Alabama 35203
ndmoore@csattorneys.com

*Attorney for Tasman Credit Corp.*

_**/s/ M. Stan Herring**_
Of Counsel