FILED
2024 Dec-16  PM 01:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **KAYLA KINNEY,** | ) |
| | ) **CIVIL ACTION NO.** |
| **Plaintiff,** | ) |
| | ) **2:24-cv-1440-ACA** |
| **v.** | ) |
| | ) |
| **TASMAN CREDIT CORP;** | ) |
| **FICTITIOUS DEFENDANTS "A",** | ) |
| **"B", and "C",** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## CREDIT CORP'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Credit Corp Solutions, Inc. d/b/a Tasman Credit Corp[1] (hereinafter, "Credit Corp" and "Defendant"), by and through its undersigned counsel, hereby moves to dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

---

[1] Plaintiff's First Amended Complaint mistakenly identifies Defendant as "TASMAN CREDIT CORP DBA CREDIT CORP SOLUTIONS INC." Doc. 11, ¶3.

## Table of Contents

Table of Contents ...................................................................................................2

Background ...........................................................................................................3

Facts .....................................................................................................................5

Argument..............................................................................................................7

I.    15 U.S.C. § 1692c does not prohibit "inconvenient manner"

communications. ...............................................................................................8

II.    Credit Corp's alleged phone calls to Plaintiff do not violate 15 U.S.C. §

1692d because they are not harassing, oppressive, or abusive. ...........................12

III.    Credit Corp's alleged phone calls to Plaintiff do not violate 15 U.S.C. §

1692e(10) because they are not false or deceptive means or representations. .....17

IV.  Credit Corp's alleged phone calls to Plaintiff do not violate 15 U.S.C. 1692f

because they are not unfair and unconscionable..................................................21

## **Background**

On September 14, 2024, Plaintiff commenced an action against Credit Corp by filing a Complaint in Jefferson County, Alabama attempting to assert claims against Credit Corp under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.  ECF 1-1. The Complaint asserts a federal question, giving this Court original jurisdiction. ECF 4, p.1. On October 24, 2024, Credit Corp removed this matter from the Circuit Court of Jefferson County, Alabama to the Northern District of Alabama pursuant to 28 U.S.C. § 1331. ECF 1, p. 2, ¶5. On October 29, 2024, the Court issued an Order for Credit Corp to Show Cause why this case should not be remanded for lack of subject matter jurisdiction, observing that while the Complaint clearly asserts a federal question, it was unclear whether the Complaint adequately alleges that Plaintiff has standing to bring her claims in federal court. ECF 4. On November 12, 2024, Credit Corp filed its response to the Court's Order to Show Cause. ECF 5. On November 18, 2024, the Court issued an order finding that Plaintiff does have standing but finding that Plaintiff's complaint was a "shotgun" pleading that violated Rule 8(a)(2), Rule 10(b), or both, and required repleading. The Court ordered Plaintiff to file an amended complaint by December 2, 2024, and ordered Credit Corp to file its responsive pleading by December 16, 2024. DOC 6. Plaintiff filed the First Amended Complaint on December 2, 2024. ECF 11. The First Amended Complaint is subject to dismissal

under Rule 12(b)(6), Fed. R. Civ. P. because it fails to state a claim upon which relief may be granted.

## Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, construe them in the light most favorable to the plaintiff, and determine whether the plaintiff has pleaded "'a claim to relief that is plausible on its face.'" *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility requires factual support that does more than allege a mere possibility of defendant's liability, but still less than stating a probability of liability. *Id*. In deciding whether a plaintiff has stated a claim, the court follows a two-step approach, "first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009));

*King v. Moon*, No. 2:21-CV-01568-ACA, 2023 WL 9419674, at *2 (N.D. Ala. Mar. 30, 2023), *opinion after questions certified,* 697 F. Supp. 3d 1273 (N.D. Ala. 2023).

Here, when the conclusory legal allegations are sifted out, any remaining well-pleaded factual allegations do not give rise to an entitlement of relief.

### **Facts**

The relevant well-pleaded factual allegations in the FAC are as follows:

1. Credit Corp is a debt collector. Doc. 11, ¶9.

2. Credit Corp attempted to collect a debt in the amount of $43.89 owed by Plaintiff arising out of Plaintiff's accounts with original creditor PayPal. *See, e.g., id.*, ¶¶9, 12, 14, 15.

3. On March 10, 2024, Plaintiff sent Credit Corp an email stating:

   > In response to the email provided, | am sending written proof that | no longer wish to receive calls about this matter. Only email and mailing, just for a paper trail. I am also request validation, and itemized details about where these transactions took place. The attached items are only a very vague detail of debt. | never used a check, only a debit card on any PayPal transaction which would have been declined and no fee associated with. I will take care of this matter, IF proof can be provided of where these so called transactions occurred. | am not accepting responsibility for these items, until | have something showing my signature and itemized details of these transactions.
   > I appreciate your time,
   > Kayla Kinney

   *Id.* at ¶18.

4. Credit Corp received the email above on March 10, 2024. *Id*. at ¶19.

5. Credit Corp called Plaintiff in a communication or attempt to communicate about the debt three times: on April 28, 2024, June 5, 2024, and June 14, 2024. *Id*. at ¶22.

6. Plaintiff suffered statutory and actual damages caused by the phone calls from Credit Corp. *Id.* at ¶74, ¶75.

In addition to factual allegations, the FAC recites numerous legal conclusions under the "**FACTUAL ALLEGATIONS**" heading. Legal conclusions must be separated out, and not considered under the Court's Rule 12(b)(6) analysis as potential grounds for facial plausibility nor are they entitled to be accepted as true. *Franklin*, 738 F.3d at 1251. The legal conclusions stated in the fact section of the FAC include, but are not limited to, the following:

- Plaintiff had a right under the FDCPA and/or Regulation F to dictate the medium in which Credit Corp could communicate with her (i.e., mail, email, or telephone). Doc. 11, ¶¶17, 41, 56.

- Credit Corp's calls to Plaintiff were an attempt to intimidate, harass, and oppress Plaintiff, were unfair or unconscionable, and/or Credit Corp's calls to Plaintiff violated the FDCPA. *Id.* at ¶¶22, 23, 44, 48, 55, 58, 71, 72, 73.

- Credit Corp made false and deceptive representations in its phone calls to Plaintiff. *Id*. at ¶¶67, 68.

- Credit Corp made false, deceptive and misleading representations for various nefarious purposes. *Id*. at ¶¶ 68(a)-(h), 69.

In addition, the FAC includes extensive recitation and interpretation of statutes and regulations without any specific factual allegations relevant to the case at hand. *See, e.g.*, *id.* at ¶¶49–54, 59–61.

## <u>Argument</u>

The First Amended Complaint ("FAC") alleges that Credit Corp violated the FDCPA and Regulation F by calling Plaintiff by phone after Plaintiff sent Credit Corp an email stating that she "no longer wish[ed] to receive calls about this matter." Doc. 11, ¶22. The FAC alleges that Credit Corp violated the FDCPA's proscription on communicating at "any unusual time or place" by calling the Plaintiff on the phone instead of communicating with her via email or postal mail. 15 U.S.C. § 1692c(a)(1); Doc. 11, ¶ 40. Plaintiff's claim relies on an incorrect reading of the **time or place** restrictions in the FDCPA which Plaintiff seeks to expand to prohibit certain **mediums** of communication (such as phone calls) regardless of the time or place. In reality, 15 U.S.C. § 1692c(a)(1) does *not* prohibit communication in an "inconvenient medium" and instead restricts communication at an inconvenient time or place only. As a matter of law, Credit Corp's communications did not violate the FDCPA's "time and place" restrictions.

Counts I, II, and III make amorphous allegations that the phone calls were harassing, oppressive, and abusive (Count I); deceptive, false, and misleading (Count II); and unfair and unconscionable (Count III). Despite a litany of conclusory legal statements to this effect, the FAC does not contain any factual allegations that support the claims in Counts I–III. There are no factual allegations in the FAC that could lead any reasonable jury to conclude that the phone calls were harassing, oppressive, abusive, deceptive, false, misleading, unfair, or unconscionable. Plaintiff's empty, conclusory statements do not meet the pleading threshold and the FAC is subject to dismissal under Rule 12(b)(6).

## I.    15 U.S.C. § 1692c does not prohibit "inconvenient medium" communications.

15 U.S.C. § 1692c(a)(1) states that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--
> **(1)** at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

*Id*. This statute does not opine as to the medium in which a debt collector may communicate with a consumer. Rather, the plain language of the statute places

restrictions on the *time* and *place* of such communications. *Id*. The FAC attempts to gloss over the clear meaning of § 1692c(a)(1) and implies that the statute contains a medium restriction. *See, e.g., Doc. 11*, ¶ 44. In recent months, courts in the Eastern District of Texas, the Middle District of Alabama, the Western District of Oklahoma, the Northern District of Georgia, and the District of Nevada have all reached the same conclusion: § 1692c(a)(1) does not permit consumers to restrict certain mediums of communication.

As noted by the court in *Marks v. Javitch Block LLC*, No. 1:23-CV-431-MJT-CLS, 2024 WL 1134037, (E.D. Tex. Mar. 14, 2024), "the FDCPA distinguishes between a <u>preference</u> in medium and a consumer's <u>right</u> to not be contacted at a time or place known to be inconvenient." *Id*. at *2 (emphasis added). The FDCPA defines communication as "the conveying of information regarding a debt directly or indirectly to any person <u>through any medium</u>." 15 U.S.C. § 1692a(2) (emphasis added). Alleging that a debt collector communicated through a non-preferred medium fails to state a claim under § 1692c(a)(1).

In *Kirk v. Credit Mgmt. L.P.*, No. 2:23-CV-482-ECM, 2024 WL 3240564 (M.D. Ala. June 28, 2024), the complaint alleged that defendant violated § 1692c(a)(1) by sending the plaintiff a letter via U.S. Mail after plaintiff notified the defendant that the only convenient form of communication was email. *Id*. at *2. The court found that the plaintiff failed to plausibly allege a violation of § 1692c(a)(1)

where the plaintiff failed to plead that the communication at issue was "at an unusual time or place." *Id.* at \*3. The court explained, "her dispute is with the medium of communication, not the time or place of receiving the communication. Consequently … the Plaintiff has failed to plead a violation of § 1692c(a)(1) as a matter of law." *Id*. at \*2. The court granted the defendant's motion for judgment on the pleadings and dismissed the case with prejudice.

Similarly, in *Winstead v. Carter-Young, Inc.*, No. CIV-23-00956-JD, 2024 WL 4204926 (W.D. Okla. Sept. 16, 2024), the district court held that "§ 1692c(a)(1) does not prohibit any specific medium of communication, it just limits the time and place of communication." *Id*. at \*3. In *White v. LVNV Funding, LLC*, No. 224CV00140CDSBNW, 2024 WL 365404 (D. Nev. Jan. 30, 2024) the court reached the same conclusion, holding that where a plaintiff alleged that she was sent a letter rather than emailed, as was her expressed preference, she failed to state a claim under § 1692c(a)(1): "the statute does not require that the debt collector comply with Plaintiff's preferences. Instead, it simply prohibits communications at unusual times or places … Plaintiff fails to allege any facts supporting the conclusion that her receipt of the letter constituted a communication "at [an] unusual time or place[.]" *Id*. at \*2. In *Lusk v. Midland Credit Mgmt., Inc.*, No. CIV-24-381-R, 2024 WL 4171355 (W.D. Okla. Sept. 12, 2024) the court stated "Plainly, the FDCPA provides protections for *when* and *where* consumers may be contacted. There is no such

protection for *how* consumers may be contacted." *Id*. at \*3 (emphasis in the original). The *Lusk* court held a preference against a certain medium of communication "goes beyond what the statute enables consumers to restrict." *Id*. The district courts in *Jones v. Am. Collection Servs., Inc.*, No. CIV-24-50-SLP, 2024 WL 4314900 (W.D. Okla. Sept. 26, 2024) and *Ford v. Midland Credit Mgmt., Inc.*, No. 3:23-CV-00213-TCB-RGV, 2024 WL 3813750, (N.D. Ga. July 8, 2024), *report and recommendation adopted*, No. 3:23-CV-213-TCB, 2024 WL 4251297 (N.D. Ga. July 26, 2024) reached the same conclusion.

While these cases are not binding on this Honorable Court, their reasoning is persuasive, and Credit Corp is not aware of any authority to the contrary. The FAC is due to be dismissed for failure to state a claim.

The FAC alleges that "Regulation F makes clear that the FDCPA allows a consumer to control the medium of communication from a debt collector." Doc. 11, ¶47. Section 1006.14(h)(1) provides that "a debt collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person." To be clear, § 1006.14(h)(1) does not save plaintiff's claim. Regulation F merely provides interpretation of the FDCPA's statutory provisions; it does not provide for an independent cause of action. *See, e.g., Doss v. Citizens Savings & Trust Co*., 2020 WL 9935823, \*4 (M.D. Tenn. Jan. 3, 2020) ("Regulation

11

F is a narrow regulatory provision" and "[t]he regulation is simply not applicable to the facts alleged by Plaintiff, nor does it provide for a private cause of action."). Regulation F does not enlarge a debtor's rights under the FDCPA. Second, the section of Regulation F cited by Plaintiff — § 1006.14(h)(1) — is not applicable to 15 U.S.C. § 1692c(a)(1). *See Lusk*, 2024 WL 4171355 at *3 (explaining that the implementing regulations for claims brought under § 1692c are found at 12 C.F.R. § 1006.6 ("communications in connection with debt collection") and that 12 C.F.R. § 1006.14 applies to "harassment or abuse" "which is enshrined in § 1692d of the statute"); *see also Jones*, 2024 WL 4314900 at *3 (same). The potential application of § 1006.14(h)(1) to Plaintiff's 15 U.S.C. § 1692d claim is discussed further herein.

## II.    Credit Corp's alleged phone calls to Plaintiff do not violate 15 U.S.C. § 1692d because they are not harassing, oppressive, or abusive.

Count I alleges that Credit Corp violated 15 U.S.C. § 1692d. Doc. 11, ¶76. This count is due to be dismissed because there are insufficient factual allegations in the FAC to establish facial plausibility. The only factual allegations in the FAC about the phone calls allegedly placed by Credit Corp to Plaintiff are: (1) On March 10, 2024, Plaintiff sent Credit Corp an email stating, in part, "[I] no longer wish to receive calls about this matter. Only email and mailing, just for a paper trail." *Id.* at ¶18; and (2) Credit Corp called Plaintiff in a communication or attempt to communicate about the debt three times: on April 28, 2024, June 5, 2024, and June

14, 2024. *Id*. at ¶22. The FAC does not allege whether Plaintiff answered the calls, whether voicemails were left, to what phone number the calls were placed, at what time of day the calls were placed, whether Plaintiff spoke to a representative of Credit Corp, what was said on any of the phone calls, the mannerisms and politeness of the caller, or any factual details as to how receiving (or not receiving) the calls harassed, oppressed, or abused Plaintiff. While the FAC makes hyperbolic and unsupported non-factual characterizations (e.g., alleging that making three phone calls in 47 days was "applying aggressive pressure and persistence" (¶81), and "harsh, burdensome conduct," and that Credit Corp "den[ied] Plaintiff her voice in the collection process" (¶83)), there are no factual allegations as to what purportedly constituted harassment, oppression, or abuse. The bare allegation of three phone calls across a 47-day time period after making a request that Credit Corp not call is insufficient, as a matter of law, to establish a claim under § 1692d.

15 U.S.C. § 1692d prevents debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "It is not enough that a debt collector's actions caused the consumer 'embarrassment, inconvenience, and further expense,' but rather those actions must 'manifest a tone of intimidation' to fall under the ambit of § 1692d." *Middlebrooks v. Sacor Fin., Inc.*, 775 F. App'x.

594, 597 (11th Cir. 2019) (quoting *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1305 (11th Cir. 2015) (quotation marks omitted)) (unpublished opinion).

Plaintiff's only ground for claiming that three phone calls from Credit Corp were harassing, abusive, or oppressive is that they were contrary to Plaintiff's preference for email or postal mail instead of phone calls. Doc. 11, ¶¶80–81. As discussed in the preceding section, however, the FDCPA does not permit consumers to dictate the medium of communication. An "instruction" not to call is simply an expression of preference and is not binding on a debt collector. *See White*, 2024 WL 365404 at \*2.

Plaintiff points to 12 C.F.R. § 1006.14 for the proposition that a failure to observe a consumer's preference as to manner of communication is actionable under the FDCPA. However, Credit Corp is aware of only a single ruling citing 12 C.F.R. 1006.14 to find that not following a consumer's preference is actionable, and this ruling is distinguishable. In *Taylor v. Aquarion Asset Mgmt., LLC*, No. 2:24-CV-0346-JAM-JDP, 2024 WL 4818749 (E.D. Cal. Nov. 18, 2024), the magistrate judge recommended that default be granted to the plaintiff where defendant had failed to answer or appear in the case. *Id*. In analyzing the motion for default judgment, the court found that the complaint sufficiently alleged a violation of § 1692d, *in part*, by refusing to cease calling plaintiff on the phone after her request. *Id*. at \*2. However, the mere fact that the defendant called plaintiff after she requested no

14

further calls was not the sole factor in plaintiff's §1692d claim in *Taylor*. The plaintiff in *Taylor* alleged a violation of a specific provision of § 1692— §1692d(5) — and alleged facts that the defendant <u>repeatedly or continuously</u> called, and that "despite her <u>repeated</u> requests that it cease such conduct, defendant persisted calling her for months [on] end." *Id*. (emphasis added). Section 1692d(5) prohibits calling repeatedly or continuously with the intent to annoy or harass, and this was the primary textual basis for the *Taylor* court's finding. The report and recommendation in *Taylor* does <u>not</u> stand for the proposition that a violation of Regulation F constitutes a violation of the FDCPA, because the complaint in *Taylor* sufficiently alleged a violation of the FDCPA (§ 1692d(5)) directly.

Congress enabled the courts to determine what conduct violates § 1692d. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985) (citing S. Rep. No. 95–832, 95th Cong., 1st Sess., *reprinted in* 1977 U.S. Code Cong. & Ad. News 1695, 1698). Courts have long relied on the enumerated items in § 1692d(1)–(6) to guide the interpretation what constitutes harassment or abuse, such as threats of violence, or threats of reputational harm, use of obscene or profane language, publication of lists of debtors, and the like. *Jeter*, 760 F.2d at 1178. Even where § 1692d(5) specifically prohibits calling "repeatedly or continuously," courts have always conducted a common sense analysis, in light of the other circumstances, to determine whether the number and frequency of the calls constitutes harassment or

abuse. *See, e.g., Grimsley v. Palm Beach Credit Adjusters, Inc.*, 691 F. App'x 576, 580 (11th Cir. 2017) (calling plaintiff four times in two weeks created no issue of material fact as to harassment); *Mercadel v. Allied Interstate*, LLC, No. 1:19-CV-2641-CC-JSA, 2020 WL 10224010, at *7 (N.D. Ga. May 5, 2020), *report and recommendation adopted*, No. 1:19-CV-2641-CC-JSA, 2020 WL 10224373 (N.D. Ga. May 29, 2020) ("The mere fact that a debt collector calls a debtor a few calls per week, or less, is generally not enough to support" inference of harassment or abuse); *Arteaga*, 733 F. Supp. 2d at 1229 ("daily" or "near daily" calls not sufficient to establish harassment).

Here, Plaintiff will argue that Regulation F obligates the Court to find that Credit Corp's three phone calls, spread over 47 days, are harassment per se. Plaintiff has not identified any authority for this proposition, and this Honorable Court has no such obligation. The Court is neither bound by, nor required to defer to, the Consumer Financial Protection Bureau's interpretation of the law. *See Quinn-Davis v. TrueAccord Corp.*, No. 1:23-CV-23590, 2024 WL 4851344, at *5 (S.D. Fla. Nov. 20, 2024) (rejecting official interpretation of 12 C.F.R. 1006.6(b)(1)(i)(1) with regard to definition of "communicate" and stating that while "the CFPB interpretation may have some appeal (on policy grounds), I am neither bound by it nor required to defer to it"). It "is emphatically the province and duty of the judicial department to say what the law is." *Loper Bright Enterprises v. Raimondo*, 144 S.

Ct. 2244, 2257, 219 L. Ed. 2d 832 (2024) (citations omitted). Courts "need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Id.* at 2273, 219 L. Ed. 2d 832 (2024). Here, the Court need not adopt or defer to the Consumer Financial Protection Bureau's Regulation F to determine whether Plaintiff's FAC, with its absence of any facts suggesting harassment or abuse, states a claim against Credit Corp. Plaintiff's interpretation of Regulation F is contrary to the plain meaning of the statutory text and would require this Court to hold that three phone calls, spaced out over 47 days, are "harassing" and "abusive" contrary to all evidence. In *Quinn-Davis*, the district court "refuse[d] to adopt Regulation F's interpretation of when a debt collector" communicates with a consumer. *Quinn-Davis*, 2024 WL 4851344, at *6. The Court may do the same here.

### III.  Credit Corp's alleged phone calls to Plaintiff do not violate 15 U.S.C. § 1692e(10) because they are not false or deceptive means or representations.

The FAC seems to allege that the very fact that the calls happened makes them deceptive. *See* Doc. 11, ¶87 (alleging that, by calling, Credit Corp misrepresented and mischaracterized that it had authorization to contact Plaintiff by phone). Because the FDCPA does not prohibit the phone calls Credit Corp allegedly placed to Plaintiff, any "representation" that Credit Corp was authorized to make the phone

17

calls would not be false or deceptive. However, even if Credit Corp were prohibited from making the phone calls, the act of placing a call is not, in and of itself, a violation of § 1692e(10) because it is not a deceptive representation or means.

The FAC does not plausibly allege any facts supporting the claim that Credit Corp made false or deceptive representations to Plaintiff. In fact, the FAC does not plausibly allege any representations were actually made by Credit Corp to Plaintiff, i.e., there are no factual allegations regarding any representative of Credit Corp speaking to, or leaving a voicemail for, Plaintiff. The FAC attributes verbal representations to Credit Corp's actions, alleging that Credit Corp "says, <u>through its actions</u>, 'You the consumer have no power. We decide what we will do and when we will do it and how we will do it to you. You have no choice. We hold all the power.'" *Id*. at ¶45 (emphasis added). Plaintiff's allegations of what Credit Corp "says" <u>figuratively</u> are not sufficient to plausibly allege a violation of § 1692e(10). 15 U.S.C. § 1692e lists sixteen examples of conduct that violates the prohibition of false, deceptive, or misleading representation or means. Plaintiff's allegation that placing a call, is in itself deceptive, does not state a claim under § 1692e(10), and has no similarity to the enumerated examples of deceptive conduct listed in the statute.

Credit Corp is aware of no authority that a phone call, in the absence of any actual (i.e., non-figurative) false or misleading representations made during the call,

18

could violate § 1692e(10) even if, assuming *arguendo*, the phone call itself was prohibited under a different provision of the FDCPA. On the contrary, numerous courts have found that debt collectors do <u>not</u> violate § 1692e(10) by engaging in the mere act of communicating with a consumer. For example, in *Ferguson v. Credit Mgmt. Control, Inc.*, 140 F. Supp. 2d 1293 (M.D. Fla. 2001), the court found that a debt collector who lacked legal power and the proper license to act as a collection agency did not, by sending a letter to a consumer about the debt, represent that it was licensed or authorized to collect the debt. *Id*. at 1303. The court analyzed the content of the letter and found that none of the representations in the letter were themselves false or misleading. *Id*. "In short, there is nothing in the letter designed to mislead or deceive even the least sophisticated consumer. Accordingly, defendant did not violate § 1692e(10) of the FDCPA by sending the notice to plaintiff without first registering with the Florida Department of Banking." *Id*. In a similar case, the Ninth Circuit reached the same conclusion, finding that a debt collector not authorized to collect debts in the state of Idaho did not violate § 1692e(10) by calling and mailing a notice to the debtor in Idaho. The court analyzed the content of the notice and found that, despite the fact that sending the notice may have violated Idaho state law, the "notice told Wade correctly that she had an unpaid debt, and properly informed her that failure to pay might adversely affect her credit reputation. There was no

false representation that RCA had the power to collect in Idaho." *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

Both cases are instructive here, where the FAC does not allege that any content of the alleged phone calls was false or deceptive. Even if the calls themselves violated the law (which is denied), if the caller did not make a false representation in the course of the call, there is no § 1692e(10) violation.

Courts have found that certain conduct which does not necessarily make an explicitly false "representation" may constitute a deceptive means, for example, filing time-barred collection lawsuits or bankruptcy proofs of claim. *See Crawford v. LVNV Funding, LLC,* 758 F.3d 1254, 1261 (11th Cir. 2014) (collecting cases).[2] The Eleventh Circuit's explanation of why a time-barred proof of claim could be deceptive illustrates that the three alleged phone calls from Credit Corp to Plaintiff would *not* be.

> Similar to the filing of a stale lawsuit, a debt collector's filing of a time-barred proof of claim creates the misleading impression to the debtor that the debt collector can legally enforce the debt. The "least sophisticated" Chapter 13 debtor may be unaware that a claim is time barred and unenforceable and thus fail to object to such a claim. Given the Bankruptcy Code's automatic allowance provision, the otherwise unenforceable time-barred debt will be paid from the debtor's future wages as part of his Chapter 13 repayment plan. Such a distribution of funds to debt collectors with time-barred claims then necessarily reduces the payments to other legitimate creditors with enforceable

---

[2] *In re Crawford*, 2008 Bankr. LEXIS 2483, at *8 (Bankr. M.D. Ala. July 16, 2008), *aff'd*, 2013 U.S. Dist. LEXIS 66169, at *8 (M.D. Ala. May 9, 2013), *vacated*, 758 F.3d 1254 (11th Cir. Ala., 2014), *cert. denied*, 2015 U.S. LEXIS 2724, at *1 (April 20, 2015), *remanded to* 2015 Bankr. LEXIS 3292, at *1 (Bankr. M.D. Ala. Sep. 29, 2015) (granting Defendant's motion to dismiss), *aff'd*, 2016 U.S. Dist. LEXIS 104472, at *1 (M.D. Ala. Aug. 9, 2016).

> claims. Furthermore, filing objections to time-barred claims consumes energy and resources in a debtor's bankruptcy case, just as filing a limitations defense does in state court. For all of these reasons, under the "least-sophisticated consumer standard" in our binding precedent, LVNV's filing of a time-barred proof of claim against Crawford in bankruptcy was "unfair," "unconscionable," "deceptive," and "misleading" within the broad scope of § 1692e and § 1692f.

*Id*. None of these factors apply here, where instead of a lawsuit or a proof of claim, the allegedly deceptive means consists only of three phone calls. Credit Corp's alleged phone calls to Plaintiff are not alleged to have any material impact on Plaintiff – she was not deceived, she was not pressured or enticed into making any payment, nor were other legitimate creditors prejudiced. Plaintiff does not credibly allege that she even answered the phone let alone expended time and resources in response. In *Crawford*, the fact that the plaintiff's wages had been used to make payments to the debt collector as a result of the allegedly deceptive means was considered probative by the court. *Id*.

## IV.   Credit Corp's alleged phone calls to Plaintiff do not violate 15 U.S.C. 1692f because they are not unfair and unconscionable.

The FAC does not allege any facts that suggest Credit Corp's conduct was unfair and unconscionable. The allegation that the phone calls from Credit Corp were harassing, oppressive, or abusive, under § 1692d, is not sufficient to sustain a claim under § 1692f. *See Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1342

21

(N.D. Ga. 2015) ("Lacking any argument to the Court that the conduct was 'unfair' or 'unconscionable' other than within the context of § 1692d, Plaintiff's briefs provide the Court with no grounds to find that a reasonable jury could nevertheless make such a determination").

"Aside from the examples of violations provided within Section 1692f, the FDCPA does not purport to define what is meant by 'unfair' or 'unconscionable.'" *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1200 (11th Cir. 2010). "The phrase 'unfair or unconscionable' is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007). The plain meaning of 'unfair' is 'marked by injustice, partiality, or deception.' … The term 'unconscionable' means 'having no conscience'; 'unscrupulous'; 'showing no regard for conscience'; 'affronting the sense of justice, decency, or reasonableness.' *LeBlanc*, 601 F.3d at 1200.

For all the reasons detailed herein related to the allegations in Counts I and II, the FAC fails to state a claim that the three alleged phone calls were unfair or unconscionable, and Count III is due to be dismissed.

**WHEREFORE, PREMISES CONSIDERED,** Credit Corp respectfully contends that Plaintiff's First Amended Complaint is due to be dismissed for failure to state a claim. After separating out the bare legal conclusions, and accepting all the well-pleaded factual allegations as true, the First Amended Complaint does not

plausibly allege that Plaintiff is entitled to relief. Three phone calls over the course of 47 days, even where Plaintiff has expressed a preference for postal mail or email communications about the debt, is not harassing, abusive, oppressive, deceptive, misleading, false, unfair, or unconscionable. The FDCPA does not permit consumers to dictate the medium of communication nor does it provide a cause of action where debt collectors use a non-preferred medium.

Dated: December 16, 2024                   Respectfully submitted,


                                           /s/ Neal D. Moore, III
                                           Neal D. Moore, III
                                           Gabriela R. Atkisson
                                           *Attorney for Defendant,*
                                           *Credit Corp Solutions, Inc. d/b/a*
                                           *Tasman Credit Corp.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date served a copy of the foregoing on all parties this 16th day of December, 2024, via electronic filing:

Patricia S. Lockhart, John G. Watts, and M. Stan Herring
WATTS & HERRING, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
patricia@wattsherring.com
john@wattsherring.com
stan@wattsherring.com
*Attorneys for Plaintiff Kayla Kinney*

/s/ Neal D. Moore, III
OF COUNSEL

4416849.1