UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KAYLA KINNEY,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No.: 2:24-cv-1440-ACA |
| **TASMAN CREDIT CORP.,** | ) ) ) |
| **Defendant.** | ) ) ) |

## MEMORANDUM OPINION

After Defendant Tasman Credit Corp.[1] notified Plaintiff Kayla Kinney that it had acquired a past due debt of hers, Ms. Kinney wrote Tasman an email disputing the debt and stating that she did not want to receive telephone calls from Tasman. Over the following three months, Tasman called Ms. Kinney three times. Ms. Kinney alleges that Tasman's phone calls violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in three ways: (1) by engaging in harassing, oppressive, or abusive conduct, in violation of 15 U.S.C. § 1692d ("Count One"); (2) by using a false or deceptive representation in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e ("Count Two"); and (3) by

---

[1] Tasman states in its motion to dismiss that its proper name is "Credit Corp Solutions, Inc, d/b/a Tasman Credit Corp." (Doc. 12 at 1 n.1). The court will refer to it as "Tasman."

engaging in unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f ("Count Three"). (Doc. 11 ¶¶ 76–100).

Tasman moves to dismiss the complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. (Doc. 12). The court **WILL GRANT** the motion to dismiss. Because the conduct Ms. Kinney describes does not rise to the level of harassing, oppressive, or abusive conduct or amount to false, deceptive, or misleading representations or means of collecting or attempting to collect a debt, the court **WILL DISMISS** Counts One and Two **WITH PREJUDICE**. And because Ms. Kinney's response to the motion withdraws her claim under § 1692f, the court **WILL DISMISS** Count Three without further discussion.

## I.   BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

In March 2024, Tasman wrote Ms. Kinney a letter notifying her that it had acquired a past due debt of hers. (Doc. 11 ¶ 12). In response, Ms. Kinney sent Tasman an email disputing the debt, requesting validation of the debt, and stating that she did not "wish to receive calls about this matter. Only email and mailing." (*Id.* ¶ 18). Despite this instruction, on April 28, 2024, June 5, 2024, and June 14, 2024, Tasman called Ms. Kinney about the debt. (*Id.* ¶ 22). Ms. Kinney does not

make any allegations about whether she answered the calls or, if she did, what the content of any conversations were. (*See generally id.* ¶¶ 6–27, 67–68, 76–100).

## II.  DISCUSSION

Tasman moves to dismiss Ms. Kinney's amended complaint. (Doc. 12). To survive a Rule 12(b)(6) motion, a party must "plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Before addressing Tasman's arguments about the merits, however, the court must clarify the claims asserted in the complaint.

Ms. Kinney's amended complaint has three counts, each presenting one claim: Count One asserts a violation of § 1692d; Count Two asserts a violation of § 1692e; and Count Three asserts a violation of § 1692f. (Doc. 11 ¶¶ 76–100). However, earlier in the pleading, Ms. Kinney made legal arguments relating to another section of the FDCPA, 15 U.S.C. § 1692c. (*Id.* ¶¶ 39–45). Tasman therefore construed the amended complaint to assert a claim under § 1692c. (Doc. 12 at 8–12). In response, Ms. Kinney explains that "[t]hough there are references to § 1692c" in the pleading, "it does not have a count alleging a violation of that section of the FDCPA." (Doc. 18 at 8–9). Because Ms. Kinney has not made a claim under

§ 1692c, the court will not address Tasman's arguments about whether she states a claim under that section. The court therefore turns to Counts One and Two.

### 1. Count One (Violation of § 1692d)

Section 1692d prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The section then provides a non-exhaustive list of conduct that violates the section, including threats of violence, use of obscene or profane language, publication of consumers who refuse to pay debts, advertisement for sale of debts to coerce payment, or repeatedly or continuously causing a telephone to ring or engaging in telephone conversations. 15 U.S.C. § 1692d. Regulation F reiterates § 1692d's statutory language and further provides, in relevant part, that a debt collector's use of a medium of communication that a person has requested the debt collector not use is "conduct the natural consequence of which is to harass, oppress, or abuse." 12 C.F.R. § 1006.14(a), (h)(1).

In Count One, Ms. Kinney asserts that Tasman violated § 1692d and Regulation F by calling her three times despite her instruction not to contact her by telephone. (Doc. 11 ¶¶ 76–84). Tasman contends that Count One fails because (1) the allegations do not amount to harassing, oppressive, or abusive conduct; and (2) the court is not required to defer to Regulation F's interpretation of § 1692d. (Doc. 12 at 12–17).

4

The court begins with Regulation F, which interprets "conduct the natural consequence of which is to harass, oppress, or abuse" to include "communicat[ing] or attempt[ing] to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person." 12 C.F.R. § 1006.14(a), (h)(1). But this court owes no deference to a regulation's interpretation of a statute. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 392 (2024) ("[A]gency interpretations of statutes . . . are not entitled to deference.") (emphasis omitted). Instead, the court looks to the plain language of § 1692d itself. *See Org. of Pro. Aviculturists, Inc. v. U.S. Fish & Wildlife Serv.*, 130 F4th 1307, 1314 (11th Cir. Mar. 14, 2025) (explaining that courts interpreting statutory language "begin with the text and structure of the [statute]. And when a statute's meaning is plain and unambiguous, [courts] also end there") (citation and quotation marks omitted).

The relevant question here is whether Tasman engaged in "conduct the natural consequence of which is to harass, oppress, or abuse" by calling Ms. Kinney three times within three months after she indicated that she did not want to receive communications by telephone. (*See* doc. 11 ¶¶ 22, 79–84); 15 U.S.C. § 1692d. It did not.

"[C]laims under § 1692d should be viewed from the perspective of a consumer whose circumstances make[ ] [her] relatively more susceptible to

5

harassment, oppression, or abuse." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985). But "embarrassment, inconvenience, and further expense" are commonplace consequences of debt collection that do not necessarily cause a person to feel harassed, oppressed, or abused. *Id.* (quotation marks omitted). Instead, conduct violating § 1692d "must manifest a tone of intimidation." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1295, 1305 (11th Cir. 2015) (quotation marks omitted).

Ms. Kinney does not plausibly allege that Tasman engaged in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Receiving three phone calls may have been inconvenient, but nothing in Ms. Kinney's allegations supports any inference that anything about the phone calls "manifest[ed] a tone of intimidation" or was otherwise coercive or invasive. *See Miljkovic*, 791 F.3d at 1305. Harassment, oppression, or abuse are not "natural consequence[s]" of calling a person three times, even over her instruction not to call her, absent something about the content, frequency, or timing of the phone calls that would harass, oppress, or abuse the person. *See* 15 U.S.C. § 1692d; *see, e.g.*, *Miljkovic*, 791 F.3d at 1305–06; *Jeter*, 760 F.2d at 1178–80. Ms. Kinney does not contend that anything about the phone calls except their occurrence was intimidating, and her only allegations about feeling harassed, oppressed, or abused are entirely conclusory. (*See* doc. 11 ¶¶ 22,

6

67–68, 79–83); *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) ("[C]onclusory statements are insufficient" to state a claim) (quotation marks omitted). Accordingly, the court **WILL GRANT** Tasman's motion to dismiss Count One for failure to state a claim.

    2.    Count Two (Violation of § 1692e)

Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Among the illustrative list of conduct that violates the statute is "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Determining whether a communication is false, misleading, or deceptive requires the court to "employ the 'least-sophisticated consumer' standard." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193–94 (11th Cir. 2010) (quoting *Jeter*, 760 F.2d at 1175–77).

In Count Two, Ms. Kinney alleges that Tasman's phone calls violated § 1692e generally and § 1692e(10) in particular because, by calling her despite her instruction not to contact her by phone, Tasman misrepresented that it was allowed to do so. (Doc. 11 ¶¶ 67, 87–88). Tasman contends that Count Two fails because the Ms. Kinney has not alleged that Tasman made any false, deceptive, or misleading representations during the phone calls. (Doc. 12 at 17–21). Ms. Kinney responds that

7

by placing the phone calls, Tasman engaged in false, deceptive, or misleading means of collecting a debt. (Doc. 18 at 20–21).

Ms. Kinney does not allege that Tasman made any representations or elicited any information about her during the phone calls. (*See generally* doc. 1). So the question is whether Tasman placing the phone calls at all is a "false, deceptive, or misleading . . . means" of collecting or attempting to collect a debt. 15 U.S.C. § 1692e; *id.* § 1692(e)(10). Ms. Kinney contends that it is because the phone calls falsely, deceptively, or misleadingly indicated that she could not "control the method of communication and that [Tasman] could continue to call despite [her] clear instructions." (Doc. 18 at 18).

Nothing in the FDCPA itself provides that a person can dictate the medium of communication used by a debt collector. *See generally* 15 U.S.C. § 1692 *et seq*. The closest any part of the FDCPA comes is § 1692c, which prohibits communicating with a person "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." *Id.* § 1692c(a)(1). That section speaks only to the time or place at which the communication happens, not the medium by which the communication occurs. *See id.*

Ms. Kinney argues that Regulation F gives consumers the right to choose the medium of communication debt collectors must use. (*See* doc. 18 at 10–16, 18); 12 C.F.R. § 1006.14(a), (h)(1). Regulation F is not the FDCPA; it is a regulation

implementing the FDCPA. *See* 12 C.F.R. § 1006.1(a); 15 U.S.C. § 1692*l*(d) (providing that, with an exception not applicable here, the Bureau of Consumer Financial Protection "may prescribe rules with respect to the collection of debts by debt collectors"). The part of Regulation F on which Ms. Kinney relies is not simply a rule providing that debt collectors must abide by the method of communication a consumer prefers. *See* 12 C.F.R. § 1006.14(h). More specifically, it purports to provide that "conduct the natural consequence of which is to harass, oppress, or abuse any person" includes use of a "medium of communication" that a person has requested the debt collector not use. *Id.* § 1006.14(a), (h)(1). As the court explained above, in the context of this case, at least, the statutory language does not support that interpretation.

Even if the court assumed that, under the authority granted by § 1692*l*(d), Regulation F properly implemented a rule prohibiting debt collectors from using a medium of communication that a consumer had requested the debt collector not use, it is not clear how violation of that rule would be a "false, deceptive, or misleading . . . means in connection with the collection of any debt." 15 U.S.C. § 1692e. Placing a phone call is a "means" used "in connection with the collection of any debt." *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir. 2014) (holding that filing a proof of claim is a "'means' used in connection with the collection of any debt" because "[i]t was an effort to obtain payment of [the] debt") (some

9

quotation marks omitted), *abrogated in other part by Midland Funding, LLC v. Johnson*, 581 U.S. 224 (2017). But even though placing phone calls is a "means," the "means" used must be "false, deceptive, or misleading." 15 U.S.C. § 1692e; *cf. Midland Funding, LLC*, 581 U.S. at 228–30 (holding that filing a proof of claim based on a debt for which the statute of limitations had expired was not false, deceptive, or misleading). Violating an administrative rule is not, by itself, false, deceptive, or misleading. *See* False, Black's Law Dictionary (5th ed. 1979) ("Not true."); Deceptive, Webster's Third New Int'l Dictionary of the English Language Unabridged (1976) ("[T]ending to deceive: having power to mislead."); Misleading, Black's Law Dictionary (5th ed. 1979) ("Delusive; calculated to lead astray or to lead into error.").

Moreover, "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not. . . . [I]t is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001). To find that a debt collector's violation of an administrative rule created by regulation automatically constitutes a violation of § 1692e by creating the impression the debt collector is not bound by the rule would, effectively, elevate the rule into a statute that creates a private right of action. The court will not do so. For conduct to violate § 1692e, the

conduct must amount to a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Placing phone calls over a consumer's expressed preference for other media of communication is not, in and of itself, false, deceptive, or misleading. Accordingly, the court **WILL GRANT** the motion to dismiss Count Two.

### III. CONCLUSION

The court **WILL GRANT** Tasman's motion to dismiss the complaint. The court **WILL DISMISS** the complaint **WITH PREJUDICE**. The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this May 5, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE